No. 16-10010

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DOUGLAS STORMS YORK,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of California,
the Honorable Edward J. Davila, Presiding.
CR No. 15-00226 EJD

## APPELLANT'S REPLY BRIEF

> STEVEN G. KALAR
> Federal Public Defender
> GRAHAM ARCHER
> Assistant Federal Public Defender
> MARA K. GOLDMAN
> Research and Writing Attorney
> 55 S. Market Street, Suite 820
> San Jose, California 95113
> (408) 291-7753
>
> *Counsel for Defendant-Appellant*
> DOUGLAS STORMS YORK

# TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. The District Court Committed Reversible Error by Failing To Instruct the Jury that § 912 Requires Proof of Intent to Deceive ..... 1

A. *Tomsha-Miguel* Held, and the Government Concedes, that a Defendant Does Not Violate § 912 Unless He or She Acts with the Intent to Deceive ..... 1

B. Regardless of Whether the Intent to Deceive is an Independent Element of § 912, the District Court's Failure to Include it in the Jury Instruction Violated Due Process ..... 2

1. The Instruction Allowed the Jury to Convict Based on a Pretense that was False, but Not Intentionally Deceptive ..... 3

2. The Instruction Allowed the Jury to Convict Based on Innocent Conduct ..... 5

C. *Tomsha-Miguel* Does Not Reaffirm the Model Instruction ..... 6

D. The Instructional Error Was Not Harmless ..... 8

II. The Intent to Deceive is Not the Same as the Intent to Defraud ..... 9

III. The Evidence Was Insufficient to Support a Conviction ..... 10


IV. Section 912 Requires Proof of a Material Deception ............... 12

CONCLUSION ........................................................................... 13

# TABLE OF AUTHORITIES

## Federal Cases

*In re Baker*,
   693 F.2d 925 (9th Cir. 1982) ................................................................ 7

*Neder v. United States*,
   527 U.S. 1 (1999) ................................................................................ 2

*Sakamoto v. Duty Free Shoppers, Ltd.*,
   764 F.2d 1285 (9th Cir. 1985) ............................................................ 7

*Slayman v. FedEx Ground Package Sys.*,
   765 F.3d 1033 (9th Cir. 2014) ........................................................ 1-2

*United States v. Alvarez*,
   132 S. Ct. 2537 (2012) ............................................................. 6, 11, 12

*United States v. Bushrod*,
   763 F.2d 1051 (9th Cir. 1985) .......................................................... 12

*United States v. Chappell*,
   691 F.3d 388 (4th Cir. 2012) ........................................................... 5, 6

*United States v. Cohen*,
   631 F.2d 1223 (5th Cir. 1980) ............................................................ 7

*United States v. Gaudin*,
   515 U.S. 506 (1995) ........................................................................... 12

*United States v. Gayle*,
   967 F.2d 483 (11th Cir. 1992) (en banc) ............................................ 7

*United States v. Hanover*,
   522 F. App'x 420 (9th Cir. 2013) (unpublished) ............................ 11

*United States v. Lepowitch*,
   318 U.S. 702 (1943) .................................................................... 1-2, 12

*United States v. Parker*,
   699 F.2d 177 (4th Cir. 1983) ........................................................... 11

*United States v. Perelman*,
   695 F.3d 866 (9th Cir. 2012) .............................................................. 2

*United States v. Robbins*,
   613 F.2d 688 (8th Cir. 1979) .............................................................. 7

*United States v. Rubio-Villareal*,
   967 F.2d 294 (9th Cir. 1992) (en banc) .............................................. 9

*United States v. Thongsy*,
   577 F.3d 1036 (9th Cir. 2009) ............................................................ 8

*United States v. Tomsha-Miguel*,
   766 F.3d 1041 (9th Cir. 2014) ........................................ 6, 7, 9, 10, 11

**Miscellaneous Authorities**

*Black's Law Dictionary*
   (10th ed. 2014) ............................................................................. 3, 4

## INTRODUCTION

The parties agree that § 912 requires an intent to deceive. The only issue is whether the jury must be *instructed* on the intent to deceive. The government contends that such instruction is unnecessary because the intent to deceive is not an independent element, but rather is incorporated into the other elements listed in Ninth Circuit Model Jury Instruction 8.50. This argument overlooks the fact that, as the Supreme Court has made clear, due process is violated not only by the complete omission of an element, but also by the misdescription of an element. Because, in this case, the jury instruction failed to inform the jury that § 912 requires an intent to deceive, Mr. York's conviction must be reversed.

## ARGUMENT

I. **The District Court Committed Reversible Error by Failing to Instruct the Jury that § 912 Requires Proof of Intent to Deceive**

   A. *Tomsha-Miguel* **Held, and the Government Concedes, that a Defendant Does Not Violate § 912 Unless He or She Acts with the Intent to Deceive**

The government does not dispute that § 912 "incorporates" the intent to deceive. *See* Gov't Brief at 28; *see also* ER 111-115. Indeed, it would be difficult for the government to claim otherwise, since this Court has explicitly stated that § 912 "incorporate[s] an intent to deceive." *United States v. Tomsha-Miguel*, 765 F.3d 1041, 1048 (9th Cir. 2014) (citing *United*

1

*States v. Lepowitch*, 318 U.S. 702, 704 (1943)); *see also United States v. Perelman*, 695 F.3d 866, 871 (9th Cir. 2012) (observing that § 912 applies only to a "narrow range of conduct" because it "reaches only intentionally deceptive acts"), overruled on other grounds by *United States v. Swisher*, 811 F.3d 299 (9th Cir. 2016) (en banc).  Because § 912 applies only to the "narrow range of conduct" involving "intentionally deceptive acts," a defendant cannot be convicted of violating § 912 unless the government proves that the defendant acted with the intent to deceive.

## B. Regardless of Whether the Intent to Deceive is an Independent Element of § 912, the District Court's Failure to Include it in the Jury Instruction Violated Due Process

Despite its acknowledgment that § 912 requires an intent to deceive, the government contends that there is no need to so instruct the jury, because the intent to deceive is not an "independent" element, but only a requirement that is incorporated into the other elements.  *See* Gov't Brief at 33.  For purposes of instructing the jury, this is a distinction without a difference.  As the Supreme Court has made clear, Mr. York need not demonstrate that the district court omitted an entire element; due process is equally violated when the district court includes an element but misdescribes it.  "In both cases – misdescriptions and omissions – the erroneous instruction precludes the jury from making a finding on the *actual* element of the offense."  *Neder v. United States*, 527 U.S. 1, 10 (1999) (emphasis in original).

2

For this reason, the real issue is not whether the intent to deceive is an independent element or is incorporated into another element; the issue is whether the jury was informed that an intent to deceive is required. Here, the jury was not.

### 1. The Instruction Allowed the Jury to Convict Based on a Pretense that was False, but Not Intentionally Deceptive

The government argues that the model instruction is adequate because the intent to deceive is included in the first element, which requires proof that the defendant "falsely pretended" to be a government employee. *See* Gov't Brief at 33; 9th Cir. Crim. Jury Instr. 8.50 (2010).

In support of this argument, the government notes that "Black's Law Dictionary defines *false* to include, for example, '[d]eceitful' and 'lying,' and gives as an example 'a false witness.'" Gov't Brief at 33 (citing Black's Law Dictionary 718 (10th ed. 2014)). That is not the complete definition, however. Of particular importance here, the government omits the part of the definition that states: "What is false can be so by intent, by accident, or by mistake." Black's Law Dictionary 718 (10th ed. 2014).[1]

---

[1] The full definition is as follows: "1. Untrue <a false statement>. 2. Deceitful; lying <a false witness>. 3. Not genuine; inauthentic <false coinage>. What is false can be so by intent, by accident, or by mistake. 4. Wrong; erroneous <false step>." Black's Law Dictionary 718 (10th ed. 2014).

3

As the complete definition makes clear, just because someone says or does something that is "false," it does not mean that he or she did so intentionally; it could also be that he did so "by accident, or by mistake." Moreover, even if someone intentionally does or says something false, he or she may do so without also intending to deceive.

The government asserts that "neither a kid on the playground, an adult at a costume party, nor a standup comedian in a club '*falsely* assumes or pretends' to be a federal official." Gov't Brief at 35 (emphasis in original). Yet, according to the complete Black's Law Dictionary definition, this is precisely what happens when a child on the playground or a guest at a costume party pretends to be a federal employee: the pretense is "untrue," "not genuine," and "inauthentic." It is false.[2]

Because the jury instruction given in this case did not distinguish between an act that is intentionally false and one that is both intentionally false and intentionally deceptive, the instruction violated due process.

---

[2] The government's definition of "misrepresentation" is similarly selective. As the government notes, Black's Law Dictionary defines "misrepresentation" "as including '[t]he act or an instance of making a false or misleading assertion about something, usu[ally] with the intent to deceive." Gov't Brief at 33-34 (citing Black's Law Dictionary 1152 (10th ed. 2014)). The government omits the rest of the definition, which states that "misrepresentation" also includes "an incorrect, unfair, or false statement; an assertion that does not accord with the facts." Black's Law Dictionary 1152 (10th ed. 2014). As with the definition of "false," the definition of "misrepresentation" extends beyond the intentionally deceptive.

4

## 2. The Instruction Allowed the Jury to Convict Based on Innocent Conduct

Alternatively, the government argues that the intent to deceive is incorporated into the instruction's second element, which requires proof that the defendant "acted as such." *See* Gov't Brief at 34-35; 9th Cir. Crim. Jury Instr. 8.50 (2010). The government contends that this is sufficient to protect the hypothetical costume party attendee, because § 912 "does not reach merely playful or innocent conduct." *See* Gov't Brief at 34. According to the government, a costume party guest dressed as an FBI agent is not "acting as such"; he or she is merely acting "consistently with a dress-up game, and in furtherance of that game." *See* Gov't Brief at 35. The government fails to explain how this differs from someone who, like Mr. York, acted consistently with, and in furtherance of, what he considered to be an elaborate prank.

Citing *United States v. Chappell*, 691 F.3d 388, 393 (4th Cir. 2012), the government argues that "'it is ludicrous to suggest that costumed party-goers, children, and actors will be prosecuted for pretending to be police officers.'" Gov't Brief at 36. The government's reliance on *Chappell* is misplaced.

In *Chappell*, the Fourth Circuit considered a facial challenge to a Virginia false personation statute. The court rejected the challenge, explaining that the Virginia statute did not violate the First Amendment because it proscribed "'only false factual statements made with actual knowledge of

5

their falsity and with the intent that they be taken as true.'" *Chappell*, 691 F.3d at 393 (quoting *United States v. Alvarez*, – U.S. –, 132 S.Ct. 2537, 2553 (Breyer, J., concurring)). *Chappell*'s holding is entirely consistent with Mr. York's argument that it is not enough for the defendant to act in a "false" manner; he or she must do so with the intent to deceive. In any event, *Chappell*'s assumption that no prosecutor would bring such "ludicrous" charges is beside the point. The test for whether a jury instruction is constitutionally valid is not whether the instruction is sufficient *provided that* the prosecutor only accuses people whose conduct falls within a statute's reach. A jury instruction must inform the jury of what conduct falls within the statute's reach, so that the jury can determine whether or not the prosecutor has proven that conduct beyond a reasonable doubt.

### C. *Tomsha-Miguel* Does Not Reaffirm the Model Instruction

The government contends that *Tomsha-Miguel* "cited" and "reaffirmed" the validity of the model instruction. *See* Gov't Brief at 30; *see also id.* at 31 (arguing that *Tomsha-Miguel* "relied on and cited" the instruction). *Tomsha-Miguel* does include a citation to instruction 8.50, but only in support of the uncontroversial proposition that § 912 "sets forth two distinct offenses." *Tomsha-Miguel*, 766 F.3d at 1045 (citations omitted). This is the sole context in which *Tomsha-Miguel* makes any reference to instruction 8.50.

Because the defendant in *Tomsha-Miguel* did not challenge the validity of instruction 8.50, that court did not consider, much less reach a holding

on, the adequacy of that instruction. Accordingly, *Tomsha-Miguel* does not provide any controlling precedent on this issue. *See Matter of Walton*, 693 F.2d 925, 925-26 (9th Cir. 1982) (where issue "was neither contested nor ruled upon" in earlier case, that case is not "controlling precedent on the issue"); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions").

Nonetheless, the government contends that *Tomsha-Miguel* effectively addressed the validity of the model instruction because the defendant in that case disputed the elements and challenged the sufficiency of the evidence against her. *See* Gov't Brief at 31-32. It is true that the defendant in *Tomsha-Miguel* challenged the sufficiency of the evidence that she "acted as such," and that the Court rejected her challenge. *See Tomsha-Miguel*, 766 F.3d at 1046. What the government overlooks is the basis for the Court's analysis. In its explanation of why Ms. Tomsha-Miguel's conduct satisfied the "acted as such" requirement, this Court cited cases from the Fifth, Eighth, and Eleventh Circuits. *See id.* (citing *United States v. Cohen*, 631 F.2d 1223 (5th Cir. 1980); *United States v. Robbins*, 613 F.2d 688 (8th Cir. 1979); and *United States v. Gayle*, 967 F.2d 483 (11th Cir. 1992) (en banc)). Both the Eighth and Eleventh Circuits require the government to prove that the defendant acted with the intent to deceive, *see* 8th Cir. Crim. Jury Instr. 6.18.912 (2014); 11th Cir. Crim. Jury Instr. 33 (2010); and the Fifth Circuit requires proof of intent to defraud, *see Cohen*, 631 F.2d at 1224.

**D. The Instructional Error Was Not Harmless**

As the government acknowledges, "'an error in misdescribing or omitting an element of the offense in a jury instruction'" is harmless only if it is "'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" Gov't Brief at 45 (quoting *United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009)).

Here, the government argues that no rational juror could have found that Mr. York lacked the intent to deceive Mr. Hessenflow because the evidence was "overwhelming and largely undisputed"[3] that Mr. York left the voicemail, created a Spoofcard account, disguised his voice, used a false name, and gave a made up callback number that "resembled an actual IRS hotline number." Gov't Brief at 46. None of that evidence necessitated a finding that Mr. York intended to deceive, however. The disguised voice was obviously disguised; the callback number was disconnected; and the voicemail was sandwiched between the rest of Mr. York's calls to Mr. Hessenflow. All of this evidence could support a finding that Mr. York not

---

[3] To the extent that the government is suggesting that the evidence is "uncontested" because "York presented no evidence and put on no case," *see* Gov't Brief at 47, its position cannot be reconciled with the fundamental principle that the accused is innocent unless and until proven guilty. A defendant has no burden to present evidence, and nothing limits the availability of the harmless error analysis to cases in which the defendant presented a case-in-chief. Here, Mr. York aggressively challenged the government's evidence, both during cross-examination and during closing argument.

only wanted to harass Mr. Hessenflow, but wanted Mr. Hessenflow to know who was doing it. It may be, as the government contends, that the evidence shows "York wanted Hessenflow to react *somehow*." Gov't Brief at 47 (emphasis in original). But eliciting a reaction from someone is not the same as eliciting that reaction through the use of deception. The government simply cannot meet the heavy burden of demonstrating that "there is no reasonable possibility that the error materially affected the verdict." *United States v. Rubio-Villareal*, 967 F.2d 294, 297 n.3 (9th Cir. 1992) (en banc).

## II. The Intent to Deceive is Not the Same as the Intent to Defraud

The government contends that Mr. York's "'intent to deceive' argument is merely a repackaging of his prior incorrect 'intent to defraud' argument," and that Mr. York "simply disagrees with this Court's interpretation of Section 912 as having 'two elements.'" Gov't Brief at 36-37 (citing *Tomsha-Miguel*, 766 F.3d at 1045). The government is incorrect.

To defraud is "[t]o *cause injury or loss* to (a person or organization) by deceit; to trick (a person or organization) in order to get money." Black's Law Dictionary 516 (10th ed. 2014) (emphasis added). An act of deception is necessary, but not sufficient, to perpetrate a fraud.

Mr. York concedes that § 912 does not require the government to prove that he acted with the intent to defraud. But while § 912 does not require proof of intent to defraud, it does require proof of intent to deceive. *See*

9

*Tomsha-Miguel*, 766 F.3d at 1048. Indeed, as *Tomsha-Miguel* made clear, the statute's constitutionality depends upon it. *See id.* at 1048-49. Yet, the government would have this Court disregard that portion of the *Tomsha-Miguel* decision. It is the government – not Mr. York – who "simply disagrees" with *Tomsha-Miguel*.

## III. The Evidence Was Insufficient to Support a Conviction

The government argues that the evidence against Mr. York was sufficient because

> York acted "as such" by acting in a manner consistent with his assumed IRS character, and in furtherance of the impersonation, when he "transmitted" his impersonation to Hessenflow by using Spoofcard; leaving Hessenflow a deceptive voicemail; suggesting that the IRS was investigating Hessenflow as part of a tax audit; claiming that the IRS needed to check Hessenflow's tax records for specific years; and asking Hessenflow to call York back at a spoofed phone number.

Gov't Brief at 23.

None of these actions demonstrated an intent to deceive, however. To make sure that Mr. Hessenflow knew the call was fake, Mr. York urged Mr. Hessenflow to call him back at a non-functioning phone number. This was not an action in furtherance of an impersonation, but rather, an action guaranteed to confirm that the call was not a legitimate IRS inquiry. In this respect, the present case differs from *Tomsha-Miguel*, where the defendant acted "as such" when she faxed a fraudulent letter from a Congressman to her client "in order to effectuate the impersonation and convince [her

client] that the Congressman's office was seeking to resolve his tax dispute with the IRS." *Tomsha-Miguel,* 766 F.3d at 1046.

In support of its argument, the government cites *United States v. Hanover*, 522 F. App'x 420 (9th Cir. 2013) (unpublished). *See* Gov't Brief at 20-21. The government's reliance on *Hanover* is unfounded, for several reasons. First, as an unpublished disposition, *Hanover* has no precedential value. *See* 9th Cir. L. 36-3(a). Second, because *Hanover* was decided more than a year before *Tomsha-Miguel*, the *Hanover* Court did not have the benefit of *Tomsha-Miguel*'s holding that § 912 requires an intent to deceive.[4] Third, the evidence in *Hanover* – unlike the evidence in the present case – showed that, as a result of the defendant's pretense, the victim "'was deceived into following a course of action[.]'" *Hanover*, 522 F. App'x at 422 (quoting *Alvarez*, 132 S.Ct. at 2554 (Breyer, J., concurring) (quoting *Lepowitch*, 318 U.S. at 704)). Specifically, the defendant in *Hanover* "not only told the victim that she was an FBI agent, but also elicited information the victim would never have provided, but for Hanover's ruse." *Hanover*, 522 F. App'x at 422. Here, there is no evidence that Mr. Hessenflow ever believed the IRS call was real, nor was he *deceived* into taking any action. The government argues that Mr. York "wanted Hessenflow to react

---

[4] Similarly, *United States v. Parker*, 699 F.2d 177 (4th Cir. 1983), was decided several years before *Tomsha-Miguel*, and addressed only whether the government must prove an intent to defraud, not whether the government must prove an intent to deceive.

*somehow,*" Gov't Brief at 47 (emphasis in original), but this is not enough. *Lepowitch* requires proof that "someone was *deceived*" into following a course of action. *Alvarez*, 132 S.Ct. at 2554 (Breyer, J., concurring) (citing *Lepowitch*, 318 U.S. at 704) (emphasis added). That did not happen here.

## IV. Section 912 Requires Proof of a Material Deception

The government argues that § 912 does not include a materiality requirement, because the statute "does not require a successful ruse," and "[f]or a defendant to be convicted, no one needs to be fooled or otherwise harmed by the misrepresentation." Gov't Brief at 42 (citing *United States v. Bushrod*, 763 F.2d 1051, 1053 (9th Cir. 1985)). As an initial matter, *Bushrod* has limited application here because that decision construed the elements of § 912[2], not § 912[1]. *See Bushrod*, 763 F.2d at 1053 ("Bushrod was convicted of the second of these offenses[.]").

More importantly, the government's argument is based on a misunderstanding of materiality. To be material, a deception need only be "*capable* of influencing" a decision, *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (emphasis added); there is no requirement that the deception actually succeed in doing so.

Finally, the government fails to explain how its position can be reconciled with the Supreme Court's construction of § 912 in *Lepowitch* and, more recently, *Alvarez*. *See Alvarez*, 123 S.Ct. at 2554 (Breyer, J., concurring) (§ 912 requires a showing that "someone was deceived into following a

12

'course [of action] he would not have pursued but for the deceitful conduct'") (quoting *Lepowitch*, 318 U.S. at 704) (alterations in *Alvarez*). It is hard, if not impossible, to envision a situation in which a person could be deceived into following a course of action by an immaterial deception.

## CONCLUSION

For the reasons set forth above and in Mr. York's opening brief, it is respectfully requested that this Court reverse Mr. York's conviction based upon the insufficiency of the evidence, and direct the district court to enter a judgment of acquittal. In the alternative, Mr. York respectfully requests that his conviction be vacated and the case remanded for a new trial.

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

September 1, 2016

s/ Graham Archer
GRAHAM ARCHER
Assistant Federal Public Defender
s/ Mara K. Goldman
MARA K. GOLDMAN
Research and Writing Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 32(a)(7)(B)-(C) and Circuit Rule 32-1, I certify that this brief is proportionally spaced, has a typeface of 14 points or more, and contains 3,355 words (reply briefs must not exceed 7,000 words).

| | |
|---|---|
| September 1, 2016 | s/ Graham Archer |
| | GRAHAM ARCHER |
| | Assistant Federal Public Defender |
| | MARA K. GOLDMAN |
| | Research and Writing Attorney |

# CERTIFICATE OF SERVICE

## USCA No. 16-10010

I hereby certify that on September 1, 2016, I electronically filed the foregoing Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Susie F. Barrera</u>
SUSIE F. BARRERA
Legal Assistant for the
Federal Public Defender's Office